UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WELLS FARGO BANK N.A., | Case No. 2:17-CV-1469 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| MAHOGANY MEADOWS AVENUE TRUST, et al., | |
| Defendant(s). | |

Presently before the court is defendant Mahogany Meadows Avenue Trust's ("Mahogany") motion to dismiss. (ECF No. 9). Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") filed a response (ECF No. 17), and Mahogany replied (ECF No. 19).

Also before the court is defendant Copper Creek Homeowners Association's (the "HOA") motion to dismiss. (ECF No. 13).

**I.      Introduction**

This case involves a dispute over real property located at 6896 Mahogany Meadows Avenue, North Las Vegas, NV 89122 (the "property").

On June 13, 2008, Luis A. Carrasco and Janet Kongnalinh (the "borrowers") obtained title to the property through grant, bargain, sale deed, which was recorded on July 1, 2008. (ECF No. 1). The borrowers executed a promissory note and a deed of trust in favor of the lender, Wells Fargo. *Id.* The deed of trust was recorded on July 1, 2008. *Id.* The loan obtained by the borrowers was a federally issued loan, insured through the Federal Housing Administration ("FHA"). *Id.*

On April 18, 2011, a notice of delinquent assessment lien was recorded by the HOA. (ECF No. 1). On May 23, 2011, a notice of default and election to sell to satisfy delinquent assessment

**James C. Mahan**
**U.S. District Judge**

lien was recorded. *Id.* On December 21, 2012, a notice of trustee's sale was recorded. *Id.* On February 14, 2013, a trustee's deed upon sale was recorded. *Id.* The trustee's deed stated Mahogany purchased the property for $5,332.00 at the HOA foreclosure sale on February 5, 2013. *Id.*

Wells Fargo's complaint alleges the following claims: (1) quiet title/declaratory relief under the takings clauses of the Fifth and Fourteenth Amendments of the U.S. Constitution against all defendants; (2) quiet title/declaratory relief under the supremacy clause of the Fourth Amendment of the U.S. Constitution against all defendants; (3) quiet title/declaratory relief under the due process clauses of the Fifth and Fourteenth Amendments of the U.S. Constitution against all defendants; (4) wrongful foreclosure against all defendants; (5) violations of NRS 116.1113 against all defendants; (6) quiet title against all defendants; and (7) unjust enrichment against Mahogany. (ECF No. 1).

Mahogany's motion seeks to dismiss Wells Fargo's claims because it argues the foreclosure sale was properly conducted, the bank is not entitled to equitable relief, Mahogany is a bona fide purchaser, there is no requirement that the foreclosure notice specify the superpriority lien amount, there is no commercially reasonable requirement, FHA is not a party, and because the deed of trust was extinguished. (ECF No. 9).

The HOA's motion seeks to dismiss Wells Fargo's wrongful foreclosure and violation of NRS 116.1113 claims as time-barred or in the alternative, for failure to comply with NRS 38.310's mediation requirement. (ECF No. 13).

**II.  Legal Standard**

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662,

James C. Mahan
U.S. District Judge

- 2 -

677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### a. Claims for quiet title

Mahogany challenges Wells Fargo's quiet title claims by asserting that the quiet title/declaratory relief claim did not violate Wells Fargo's right to procedural due process. (ECF No. 9). Here, Wells Fargo does not dispute that it or its predecessor in interest received actual notice of the delinquent assessment and intent to sell. (ECF No. 17). Instead, Wells Fargo contends that the notices were inadequate because they failed to identify the amount of the

James C. Mahan
U.S. District Judge

- 3 -

superpriority portion of the lien. *Id.* Further, Wells Fargo argues the notices failed to specify that Wells Fargo's interest would be extinguished by the HOA foreclosure. *Id.* Because Wells Fargo does not dispute it received actual notice, the Ninth Circuit's decision in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016) (holding that NRS chapter 116's "opt-in" notice scheme was facially unconstitutional), does not apply to this case.

Wells Fargo contends that NRS 116.3116 *et seq.* violates the Fifth Amendment takings clause. (ECF No. 1). The takings clause prohibits the state from taking private property for public use without just compensation. U.S. Const. amend. V. Wells Fargo's argument, however, has been rejected. *See, e.g.*, *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970, 975 (Nev. 2017) ("[T]he extinguishment of a subordinate deed of trust through an HOA's nonjudicial foreclosure does not violate the Takings Clauses."). Accordingly, this claim cannot proceed.

Next, Mahogany states that the Supremacy Clause of the United States Constitution is not violated by the non-judicial foreclosure sale. (ECF No. 9). In its complaint, Wells Fargo alleges that "[t]he loan obtained by the [b]orrower was a federally insured loan, insured through the Federal Housing Administration (FHA)." (ECF No. 1 at 3).

The single-family mortgage insurance program allows FHA to insure private loans, expanding the availability of mortgages to low-income individuals wishing to purchase homes. *See Sec'y of Hous. & Urban Dev. v. Sky Meadow Ass'n*, 117 F. Supp. 2d 970, 980–81 (C.D. Cal. 2000) (discussing program); *Wash. & Sandhill Homeowners Ass'n v. Bank of Am., N.A.*, No. 2:13-cv-01845-GMN-GWF, 2014 WL 4798565, at *1 n.2 (D. Nev. Sept. 25, 2014) (same). If a borrower under this program defaults, the lender may foreclose on the property, convey title to HUD, and submit an insurance claim. 24 C.F.R. § 203.355. HUD's property disposition program generates funds to finance the program. *See* 24 C.F.R. § 291.1.

At least two courts in this district, including this court, have previously held that the Nevada foreclosure statutes directly conflict with the FHA insurance program, and are therefore preempted. *SaticoyBayLLC, Series 7342 Tanglewood Park v. SRMOF II 2012-1 Trust*, No. 2:13–

CV–1199 JCM (VCF), 2015 WL 1990076, at *4 (D. Nev. Apr. 30, 2015); *Wash. & Sandhill*, 2014 WL 4798565, at *1.

However, more recently, multiple courts in this district, and the Supreme Court of Nevada, have held that the FHA insurance program does not conflict with the Nevada foreclosure statutes.[1] *Freedom Mortg. Corp. v. Las Vegas Dev. Grp., LLC*, 106 F. Supp. 3d 1174, 1184 (D. Nev. 2015) ("Nothing prevents a lender from simultaneously complying with HUD's program and Nevada's HOA-foreclosure laws."); *JPMorgan Chase Bank, N.A. v. SFR Invs. Pool 1, LLC*, 200 F. Supp. 3d 1141, 1166 (D. Nev. 2016) ("The Court concludes that conflict preemption does not apply in this case. Lenders are perfectly capable of complying with both HUD's program and NRS 116.3116 . . . ."); *Renfroe v. Lakeview Loan Servicing, LLC*, 398 P.3d 904, 909 (Nev. 2017) ("Because the HUD guidelines for the FHA insurance program clearly contemplate and anticipate statutory schemes such as NRS 116.3116, the doctrine of conflict preemption does not apply in this case."). These opinions provide persuasive reasoning to support the assertion that a lender can comply with both the HOA foreclosure laws and HUD's insurance program.

Accordingly, the Nevada foreclosure statutes do not directly conflict with the FHA insurance program for preemption purposes. *See Renfroe*, 398 P.3d at 909. Thus, Wells Fargo's preemption argument does not justify setting aside the underlying foreclosure sale.

Further, the complaint fails to sufficiently allege that the foreclosure sale was commercially unreasonable. Wells Fargo merely states that the sale price was substantially lower than the property's fair market value without any allegations as to fraud, unfairness, or oppression. *See e.g.*, *Shadow Wood Homeowners Assoc. v. N.Y. Cmty. Bancorp., Inc.*, 366 P.3d 1105, 1112 (Nev. 2016) ("[D]emonstrating that an association sold a property at its foreclosure sale for an inadequate price is not enough to set aside that sale; there must also be a showing of fraud, unfairness, or oppression."); *Long v. Towne*, 639 P.2d 528 (Nev. 1982); *Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC*, No. 70653, 2017 WL 1423938, at *2 n.2 (Nev. App. Apr. 17, 2017)

---

[1] This court's recent holdings on the topic, including a prior order in this case, have declined to address the issue, holding that as FHA was not a named party the arguments regarding preemption were not properly before the court. *See* (ECF No. 29); *see also,, e.g., Carrington Mortg. Serv., LLC v. Montecito Village Community Ass'n*, case no. 2:16-cv-01780-JCM-PAL, 2017 WL 2945725, at *9 (D. Nev. July 7, 2017).

("Sale price alone, however, is *never* enough to demonstrate that the sale was commercially unreasonable; rather, the party challenging the sale must also make a showing of fraud, unfairness, or oppression that brought about the low sale price.").

Furthermore, Wells Fargo's complaint fails to allege that Wells Fargo tendered the lien amount prior to the foreclosure sale so as to prevent the sale from extinguishing its deed of trust. The holder of a first deed of trust may pay off the superpriority interest to keep its interest from being extinguished upon foreclosure of an HOA superpriority lien. *See SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, U.S. Bank could have paid off the SHHOA lien to avert loss of its security . . . ."); *see also 7912 Limbwood Ct. Trust v. Wells Fargo Bank, N.A., et al.*, 979 F. Supp. 2d 1142, 1149 (D. Nev. 2013) ("If junior lienholders want to avoid this result, they readily can preserve their security interests by buying out the senior lienholder's interest." (citing *Carillo v. Valley Bank of Nev.*, 734 P.2d 724, 725 (Nev. 1987); *Keever v. Nicholas Beers Co.*, 611 P.2d 1079, 1083 (Nev. 1980))).

In light of the foregoing, Wells Fargo has failed to sufficiently state a quiet title claim. The complaint fails to set forth sufficient facts to plausibly suggest that Wells Fargo is entitled to relief on its quiet title claims. Accordingly, Wells Fargo's quiet title claims will be dismissed without prejudice.

      *b. Wrongful Foreclosure, Violation of NRS 116.1113, Unjust Enrichment*

The court will dismiss, without prejudice, claims (4), (5), and (7) of Wells Fargo's complaint (ECF No. 1) for Wells Fargo's failure to mediate pursuant to NRS 38.310. *See, e.g.*, Nev. Rev. Stat. § 38.310(1); *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555 (Nev. 2013). Subsection (1) of NRS 38.310 provides, in relevant part, as follows:
> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2). A "civil action" includes any actions for monetary damages or equitable relief. *See* Nev. Rev. Stat. § 38.300(3).

James C. Mahan
U.S. District Judge

- 6 -

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12-CV-1367-JCM-PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558.

Similarly, Wells Fargo's breach of NRS 116.1113 claim alleges a NRS violation, which requires an interpretation of the regulations and statutes that contained conditions and restrictions applicable to the property so as to fall within the scope of NRS 38.310.

"[U]njust enrichment is an equitable remedy." *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1093 (9th Cir. 2003). A claim for unjust enrichment qualifies as a "civil action" under NRS 38.300(3) "because it exists separate from the title to land." *McKnight Family, L.L.P.*, 310 P.3d at 559.

Consequently, Wells Fargo must first submit these claims to mediation before proceeding with a civil action. *See e.g.*, *U.S. Bank, N.A. v. Woodchase Condo. Homeowners Ass'n*, No. 215CV01153APGGWF, 2016 WL 1734085, at *2 (D. Nev. May 2, 2016); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortg. Ass'n*, No. 214-cv-01975-KJD-NJK, 2015 WL 5709484, at *4 (D. Nev. Sept. 29, 2015).

Relatedly, NRS 38.350 expressly tolls the statute of limitations applicable to Wells Fargo's claims that are subject to mediation under NRS 38.310. Specifically, NRS 38.350 provides that "[a]ny statute of limitations applicable to a claim described in NRS 38.310 is tolled from the time the claim is submitted to mediation . . . until the conclusion of mediation . . . of the claim and the period for vacating the award has expired." Nev. Rev. Stat. § 38.350. Therefore, Wells Fargo's

claims are not prejudiced by the statute's requirement that the parties participate in mediation prior to initiating an action in court.

### IV. Conclusion

In light of the foregoing, Mahogany's motion to dismiss Wells Fargo's complaint will be granted without prejudice as to Wells Fargo's claims for quiet title and unjust enrichment claim. The HOA's motion to dismiss will be granted without prejudice as to Wells Fargo's violation of NRS 116.1113 and wrongful foreclosure claims.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Mahogany's motion to dismiss (ECF No. 9) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that defendant the HOA's motion to dismiss (ECF No. 13) be, and the same hereby is, GRANTED, consistent with the foregoing.

DATED March 16, 2018.

_____
UNITED STATES DISTRICT JUDGE