UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WELLS FARGO BANK N.A., | Case No. 2:17-CV-1469 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| MAHOGANY MEADOWS AVENUE TRUST, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Wells Fargo Bank, N.A. v. Mahogany Meadows Avenue Trust, et al.*, case number 2:17-cv-01469-JCM-VCF.  On March 16, 2018, the court granted defendant Mahogany Meadows Avenue Trust's motion to dismiss (ECF No. 30) and, on November 6, 2018, denied plaintiff Wells Fargo Bank, N.A.'s motion to reconsider that order (ECF No. 34).  Wells Fargo appealed, and that appeal remains pending. (ECF No. 35; 36).

The remaining defendants—Copper Creek Homeowners Association and Hampton & Hampton Collections, LLC—have been dismissed from this action pursuant to the parties' stipulations.  (ECF Nos. 18; 20; 38).

Further, the court's prior order dismissed all of Wells Fargo's claims.  (*See* ECF No. 30).  Indeed, if it did not, then this court's order would have been neither final nor appealable.  Thus, the case should have been closed when the court adjudicated Mahogany's motion to dismiss.

"The general rule is that once a notice of appeal has been filed, the lower court loses jurisdiction over the subject matter of the appeal." *Bennett v. Gemmill (In re. Combined Metals Reduction Co.),* 557 F.2d 179, 200 (9th Cir. 1977).  Nevertheless, even after an appeal has been

**James C. Mahan**
**U.S. District Judge**

filed, a district court "may act to assist the court of appeals in the exercise of its jurisdiction." *Davis v. United States,* 667 F.2d 822, 824 (9th Cir. 1982).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the court's prior order (ECF No. 30) be, and the same hereby is, CORRECTED *nunc pro tunc* to instruct the clerk to enter judgment and close the case accordingly.

DATED July 15, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**